TIMOTHY COURCHAINE
United States Attorney
District of Arizona
BROOKS CHUPP
Assistant United States Attorney
Arizona State Bar No. 040231
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4449
Telephone: (602) 514-7500
Fax: (602) 514-7760
Email: brooks.chupp@usdoj.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mario Martinez, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> v. <br><br> John Kramar, *et al.*, <br><br> Defendants. | No. CV-26-00065-PHX-SHD (CDB) <br><br> **MOTION TO DISMISS AND RESPONSE TO MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

**I.     INTRODUCTION.**

Defendants hereby respond to the Motion for Temporary Restraining Order (Doc. 2), and, because the Court has also required a response to the complaint at this time, Defendants move to dismiss the complaint under FRCP 12(b)(6). Plaintiff Mario Martinez ("Applicant"), a United States citizen, brings this action alleging unreasonable delay on the part of United States Citizenship and Immigration Services ("USCIS") in acting upon the Form I-130 he submitted on behalf of his father, Plaintiff Mario Martinez-Rodriguez ("Beneficiary"). Through this action, Plaintiffs demand that the Court order USCIS to adjudicate Applicant's I-130, which Plaintiffs contend has been unreasonably delayed. In other words, Plaintiffs ask the Court to conclude that it is unreasonable for USCIS to take longer than approximately

four months to adjudicate an I-130 application and to enter an order catapulting Beneficiary to the front of the line – ahead of thousands of others also seeking adjudication of their I-130 applications who have had to wait much longer. Plaintiff has no right to preferential treatment and is not legally entitled to the relief he seeks.

First, Plaintiff has not and cannot allege that Defendants have failed to take a discrete agency action they were required to take because the agency's allocation of consular services is committed to the agency's discretion and Congress has not mandated that USCIS adjudicate his Form I-130 petition within a time certain. Second, Plaintiff fails to plausibly allege unreasonable delay in the adjudication of his petition. To the contrary, the alleged delay at issue here—approximately four months since Applicant submitted his Form I-130 petition—is far below the three-to-five-year delays that courts have regularly found to be reasonable in the context of adjudication of immigration benefits. Granting Plaintiffs the relief sought would merely allow Beneficiary to cut the line past other similarly situated petitioners. Plaintiffs' Complaint should be dismissed.

## II. FACTUAL BACKGROUND.

Applicant filed a Form I-130, Petition for Alien Relative on behalf of Beneficiary with USCIS on August 26, 2025. Complaint at ¶ 11. Beneficiary is currently in removal proceedings but has not been ordered removed yet. Complaint at ¶ 13. Beneficiary's next hearing in his removal proceedings is scheduled for February 19, 2026. Notice of In-Person Hearing, attached as Exhibit A.

## III. THE COMPLAINT SHOULD BE DISMISSED.

### a. Legal Standard.

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Allegations in a complaint are entitled to a "presumption of truth" so long as they "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (citation omitted). A complaint must set forth "more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Pursuant to this standard, the complaint must 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Fang Yan v. Dir. of Los Angeles Asylum Off. for the United States Citizenship & Immigr. Servs.*, 2023 WL 4053410, at *2 (C.D. Cal. June 16, 2023) (citing *Iqbal*, 556 U.S. at 678).

The plausibility standard is generally applied by courts in cases brought under the APA. *See, e.g., L. Xia v. Tillerson*, 865 F.3d 643, 657 (D.C. Cir. 2017); *Somaysoy v. Ow*, 536 F.Supp.3d 634, 636 (C.D. Cal. 2021); *Asante v. Azar*, 436 F.Supp.3d 215, 222 & n.2 (D.D.C. 2020); *S.A. v. Trump*, 363 F.Supp.3d 1048, 1076 (N.D. Cal. 2018); *but see Atieh v. Riordan*, 727 F.3d 73, 76 (1st Cir. 2013) ("the plausibility standard has no place in APA review"). "[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d. 969, 973 (9th Cir. 2004) (citation omitted). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.* (citation omitted).

On a motion to dismiss, a court may consider certain materials outside the pleadings without converting the motion into a motion for summary judgment. *U.S. v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003). "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* at 908; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("A court make take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment.").

### b. Plaintiffs are not entitled to relief because Defendants have not unreasonably delayed processing the application.

Plaintiffs claim that Defendants have unreasonably delayed the processing of Applicant's Form I-130 petition, that Defendants have a "clear, nondiscretionary duty" to

adjudicate the petition, and that the Court should order Defendants to adjudicate the petition either under the Administrative Procedure Act or via a writ of mandamus. Complaint at ¶¶ 25–38. However, even if all the facts alleged in the complaint are true, Plaintiffs are not entitled to the relief requested because Defendants have not unreasonably delayed the processing of Plaintiffs' application.

"[T]he APA does not provide an independent basis for subject matter jurisdiction in the district courts." *Tucson Airport Auth. v. Gen. Dynamics Corp.,* 136 F.3d 641, 645 (9th Cir. 1998); *see Califano v. Sanders*, 430 U.S. 99, 105 (1977) ("[T]he APA is not to be interpreted as an implied grant of subject-matter jurisdiction to review agency actions."). Rather, for a plaintiff to assert subject matter jurisdiction, they must demonstrate "district court jurisdiction under 28 U.S.C. § 1331 and APA § 702's waiver of sovereign immunity." *Tucson Airport Auth.*, 136 F.3d at 645.

The APA generally creates a limited cause of action for agency actions unlawfully withheld or unreasonably delayed under 5 U.S.C. § 706(1). *See Japan Whaling Ass'n v. Am. Cetacean Soc'y*, 478 U.S. 221, 230 n.4 (1986). That limited cause of action, however, is only to compel agency actions clearly required by law. *See Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 63–64, 63 n.1 (2004); *see also Hells Canyon Pres. Council v. United States Forest Serv*, 593 F.3d 923, 932 (9th Cir. 2010) (holding that Section 706(1) of the APA applies only "where an agency has ignored a specific legislative command"). There is also no review of agency actions where judicial review is precluded by statute, or an agency is given, by law, discretion to conduct such actions. *See* 5 U.S.C.§ 701(a); *see also Heckler v. Chaney*, 470 U.S. 821, 830 (1985).[1]

Plaintiffs cite no specific authority requiring USCIS to adjudicate I-130 petitions, or

---

[1] In cases where Plaintiffs seek "essentially the same" relief under Section 706(1) and via mandamus actions, it is generally appropriate to conduct the analysis only under Section 706(1). *See Independence Mining Co. v. Babbitt*, 105 F.3d 502, 507 & n.6 (9th Cir. 1997) (questioning "the applicability of the traditional mandamus remedy . . . where there is an adequate remedy under the APA."

4

any other such applications, within a specified timeframe. Plaintiffs instead cite to 5 U.S.C. § 555(b), which requires each federal agency "within a reasonable time . . . to conclude a matter presented to it." Courts have generally found this to impose a mandatory "reasonable time" standard on USCIS that suffices to ground a Section 706(1) challenge. *See Kiani v. United States Citizenship & Immigr. Servs.*, 2024 U.S. Dist. LEXIS 220724 at *11–12 (C.D. Cal. Dec. 5, 2024) (collecting cases).

When evaluating a claim under Section 706(1), courts use the six-factor balancing test articulated in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 79-80 (D.C. Cir. 1984) ("*TRAC*"). *Independence Mining*, 105 F.3d at 507 (citing *TRAC*, 750 F.2d at 79–80). Under *TRAC*, courts must consider the following six factors:

> (1) the time agencies take to make decisions must be governed by a "rule of reason[";] (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed.'"

*Vaz v. Neal*, 33 F.4th 1131, 1137 (9th Cir. 2022) (quoting *TRAC*, 750 F.2d at 80) (alterations in original).

The most important of the *TRAC* factors is the first, though it is "not itself determinative." *Cmty. Voice v. Env't Prot. Agency*, 878 F.3d 779, 786 (9th Cir. 2017).

The first two *TRAC* factors favor Defendants. Congress has provided no specific timetable for processing Form I-130 petitions, *see Kiani*, 2024 U.S. Dist. LEXIS 220724 at *14, so courts generally look to case law to determine whether a delay is reasonable. *Eljalabi*

5

*v. Blinken*, 2022 U.S. Dist. LEXIS 125055 at *15 (D.D.C. July 14, 2022). Courts have generally found that delays of up to five years are not unreasonable for the adjudication of immigration-related petitions. *See Zhang v. Cissna*, 2019 U.S. Dist. LEXIS 130884 at *12 (C.D. Cal. April 25, 2019) (collecting cases); *Rafieikhajegini v. United States Dep't of State*, No. CV-23-01972-PHX-DWL, 2024 U.S. Dist. LEXIS 90751 at *20–21 (D. Ariz. May 21, 2024) (same). Indeed, the average processing time nationwide for Form I-130 petitions is 60.5 months. Exhibit B. Generally, USCIS processes Form I-130 petitions in the order they are received, which courts have generally found to be a "rule of reason" in similar contexts. *Kiani*, 2024 U.S. Dist. LEXIS 220724 at *14 (collecting cases); *see also Kamath v. Campagnolo*, 2021 WL 4913298, at *3 (C.D. Cal. Aug. 13, 2021) ("Courts have unanimously held that USCIS's "first in, first out" policy for adjudicating immigration applications like Plaintiffs' qualifies as a "rule of reason" that satisfies the first *TRAC* factor"). Here, Applicant submitted his Form I-130 petition on August 26, 2025. Complaint at ¶ 11. Thus, as of the time of filing, USCIS has been processing the petition for under five months. This not only falls well within the timeframe that courts have found to constitute reasonable processing times, but it is also well within the amount of time that an applicant can generally expect to wait based on USCIS' current application load. Because there is no statutory or regulatory time frame within which USCIS must adjudicate Form I-130 petitions, the Court should acknowledge the "wide discretion in the area of immigration processing" that Congress has given USCIS and should find that the procedure employed here by USCIS is reasonable. *Skalka v. Kelly*, 246 F.Supp.3d 147, 153-54 (D.D.C. 2017). To do otherwise "regarding the effects of this 'backlog' would involve an intrusion into Defendants' allocation of adjudicatory resources on the whole, something that this Court is 'institutionally ill-equipped to do.'" *Liu v. Denayer*, 2022 WL 17370527, at *4 (C.D. Cal. July 18, 2022) (citation omitted); *see Oregon Nat. Desert Ass'n v. United States Forest Serv.*, 957 F.3d 1024, 1034 (9th Cir. 2020) (where action not explicitly required by statute, regulation or caselaw, a court cannot impose additional procedural requirements); *N-N v. Mayorkas*, 540 F.Supp.3d 240, 261 (E.D.N.Y. 2021) (noting that for the court "to demand

an accelerated protocol, [it] would have to intrude into a quintessentially administrative function, and in the process reconfigure the agency's priorities…").

The third and fifth *TRAC* factors, at best, weakly favor Plaintiffs. These two factors are overlapping and regard impacts on human health and welfare and economic harm, and, also, the nature and extent of the interests prejudiced by the delay. *See Indep. Min. Co. v. Babbitt*, 105 F.3d 502, 509 (9th Cir. 1997). Plaintiffs allege that Beneficiary faces the imminent threat of removal if the Form I-130 petition is not adjudicated quickly. Complaint at ¶ 21. At this stage, that allegation must be taken as true. However, two factors counter the weight of Beneficiary's potential removal. First, even if the Form I-130 is adjudicated, Beneficiary will still be removable, because the "approval of [an I-130] does not give [a] relative any immigration status or benefit;" rather, it merely establishes eligibility to apply for lawful permanent residence. Exhibit C at 1–2. In other words, even if Beneficiary receives the adjudication he requests, he is not automatically protected from removal. The second mitigating factor is that Beneficiary is not likely to lose his ability to pursue lawful permanent residence even if he reaches his last removal hearing without an adjudicated I-130. If Beneficiary accepts voluntary departure (which he states that the immigration judge suggested was possible, *see* Complaint at ¶ 14), he retains eligibility for lawful permanent residence. *See Dada v. Mukasey*, 554 U.S. 1, 11–12 (2008). Applicants for lawful permanent residence who are not present in the United States may pursue their applications through an application at a United States consulate in their home country. *See Adams v. Holder*, 692 F.3d 91, 96 (2d. Cir. 2012).[2] Defendants agree that being required to leave the United States

---

[2] Beneficiary may need to go through the consular process anyway. Non-immigrants present in the United States may apply to become lawful permanent residents through a process called "adjustment of status." 8 U.S.C. § 1255(a). However, adjustment of status is generally unavailable for aliens who entered the United States without admission. *Sanchez v. Mayorkas*, 593 U.S. 409, 412–14 (2021). Because Beneficiary entered the United States without being admitted, he is ineligible to adjust status without departing the United States unless he qualifies for a particularly rigorous exception. *See* 8 U.S.C. § 1255(i). Thus, even if Beneficiary receives mandamus relief, and even if the immigration judge hears his claim

would be a hardship for Beneficiary. However, even if the Court were to order USCIS to adjudicate the petition promptly, Beneficiary would still be susceptible to removal, and he may need to depart the country in order to become a lawful permanent resident, in any case. Thus, the third and fifth *TRAC* factors do not weigh too heavily in Plaintiffs' favor.

The fourth *TRAC* factor favors Defendants. This factor may be dispositive on the question of whether an action is an unreasonable delay, even if all the other factors considered in the TRAC analysis favored Plaintiff. *See Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100 (D.C. Cir. 2003). An order requiring USCIS to advance Plaintiff's self-petition for immediate review would interfere with USCIS's "discretion in prioritizing its activities and allocating its resources." *Vaz*, 33 F.4th at 1138. "Here, granting relief to the Plaintiff simply moves [him] to the front of the line at the expense of all other applicants who may not have filed an application for mandamus relief." *Varol v. Radel*, 420 F.Supp.3d 1089, 1098 (S.D. Cal. 2019); *see Zhu v. Cissna*, 2019 WL 3064458, at *5 (C.D. Cal. Apr. 22, 2019) ("the delay which Plaintiff has experienced in the processing of her application is common among all similarly situated applicants"); *N-N*, 540 F.Supp.3d at 262-63 ("This factor weighs strongly in favor of Defendants here because expediting the delayed action would essentially allow Plaintiffs to 'jump the line,' resulting in the redistribution of agency resources but no agency-wide net gain.").

Plaintiff should not be allowed to use this suit to ask the court to rework agency policy and resource allocation decisions for his specific benefit request. As explained in *In re Barr Labs.*, "[t]he agency is in a unique—and authoritative—position to view its projects as a whole, estimate the prospects for each, and allocate its resources in the optimal way." 930 F.2d 72, 76 (D.C. Cir. 1991); *see Chalamalesetty v. Jaddou*, 2023 WL 6387976, at *3 (D. Neb. Sept. 29, 2023) ("USCIS just isn't working quickly enough, or prioritizing its work in the way the plaintiff would prefer . . . [a]nd the decision to do one thing, at a particular pace,

---

for adjustment of status, the immigration judge could still find him ineligible for adjustment of status and order him removed.

instead of another thing is a discretionary decision . . ."); *Sarlak v. Pompeo*, 2020 WL 3082018, at *6 (D.D.C. June 10, 2020) (finding that the fourth factor weighed in the government's favor because expediting the plaintiff's waiver would harm other agency activities of equal or greater priority). The relief sought by Plaintiff "would further incentivize defendants to prioritize those [filers] who have the wherewithal to retain private counsel and to bring suit in District Court." *Pesantez v. Johnson*, 2015 WL 5475655, at *3-4 (E.D.N.Y. Sept. 17, 2015); *see Ferro v. Mayorkas*, 2023 WL 4291841, at *4 (C.D. Cal. June 16, 2023) ("Courts within the Ninth Circuit and beyond frequently find that this factor cuts strongly against a finding of unreasonable delay and deny relief where a judicial order putting an applicant at the head of the queue would simply move all others back one space and produce no net gain.") (cleaned up). Thus, the fourth *TRAC* factor favors Defendants.

The sixth *TRAC* factor also favors Defendants. The sixth TRAC factor provides that "the court need not find any impropriety lurking behind agency lassitude to hold that agency action is 'unreasonably delayed.'" *TRAC*, 750 F.2d at 80. Plaintiffs cannot establish any bad faith on the part of USCIS where the petition is still within normal case processing times. This factor also weighs in Defendant's favor. Thus, the *TRAC* factors show that there has not been unreasonable delay in the adjudication of Plaintiffs' Form I-130 petition. In fact, because Plaintiff's petition is within processing times, arguably, there has been no delay at all.

### IV. PLAINTIFFS ARE NOT ENTITLED TO INJUNCTIVE RELIEF

#### A. Legal Standard

Plaintiffs ask this Court to issue a temporary restraining order preventing Defendants from removing Beneficiary from the District of Arizona and from the United States. This motion should be denied because Plaintiffs are not entitled to this relief, and the Court has no jurisdiction to award such relief.

A temporary restraining order ("TRO") should be granted to "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a hearing and no longer." *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018) (quoting

*Granny Goose Foods v. Bd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974)). A petitioner must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest" to receive a TRO or a preliminary injunction. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the "analysis is substantially identical for [an] injunction and [a] TRO"). Injunctive relief is "an extraordinary remedy never awarded as of right." *Winter*, 555 U.S. at 9. A TRO normally lasts for no longer than fourteen days, but a court may extend a TRO's duration for an additional fourteen days "for good cause." FRCP 65(b)(2). However, a TRO may not last longer than 28 days unless the adverse party consents. *Id.*; *see also H-D Michigan, LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827, 844 ("[T]he great weight of authority support the view that 28 days is the outer limit for a TRO without the consent of the enjoined party. . . .").

**B.     The Court lacks jurisdiction to grant the requested relief.**

"[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders[.]" 8 U.S.C. § 1252(g). Thus, the Court may not enjoin removals, even on a preliminary stage. *Rauda v. Jennings*, 55 F.4th 773, 777–78 (9th Cir. 2022) (holding that a district court lacked jurisdiction to issue a TRO enjoining removal pending the adjudication of collateral relief).

**C.     Plaintiffs are not likely to succeed on the merits.**

Plaintiffs argue that they are likely to succeed on the merits of their mandamus claim. Motion at 5. As argued in Section III above, the mandamus claim should not be granted. For these same reasons, Plaintiffs cannot show that they are "likely to succeed on the merits," as is required for injunctive relief. *Winter*, 555 U.S. at 20. Thus, this Court should issue neither a temporary restraining order nor a preliminary injunction.

**D.     Plaintiffs cannot establish irreparable harm.**

The Court should deny Plaintiffs' Motion, because Plaintiffs "must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief." *Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). The "possibility" of injury is "too remote and speculative to constitute an irreparable injury meriting preliminary injunctive relief." *Id.* "Subjective apprehensions and unsupported predictions . . . are not sufficient to satisfy a plaintiff's burden of demonstrating an immediate threat of irreparable harm." *Id*. at 675-76.

Plaintiffs cannot show that denying the temporary restraining order would make "irreparable harm" the likely outcome. *Winter*, 555 U.S. at 22 ("[P]laintiffs . . . [must] demonstrate that irreparable injury is likely in the absence of an injunction.") (emphasis in original). "[A] preliminary injunction will not be issued simply to prevent the possibility of some remote future injury." *Id.* "Speculative injury does not constitute irreparable injury." *Goldie's Bookstore, Inc. v. Superior Court of State of Cal.*, 739 F.2d 466, 472 (9th Cir. 1984). Beneficiary has not been ordered removed and cannot be removed until an immigration judge orders him removed. His next hearing will not occur until February 19, 2026. Exhibit A. Further, even if Beneficiary is ordered removed, his removal order does not become final until his appeal deadline lapses 30 days after the removal hearing at which he is ordered removed, at the earliest. 8 U.S.C. § 1231(a)(1)(B); 8 C.F.R. § 1003.39. Thus, Beneficiary is no imminent danger of removal from the United States, and hence he cannot show that a TRO is warranted at this stage of the proceedings.

### E. The equities and public interest do not favor Plaintiffs.

The third and fourth factors, "harm to the opposing party" and the "public interest," "merge when the Government is the opposing party." *Nken*, 556 U.S. at 435. "In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982).

An adverse decision here would negatively impact the public interest by jeopardizing "the orderly and efficient administration of this country's immigration laws." *See Sasso v.*

*Milhollan*, 735 F. Supp. 1045, 1049 (S.D. Fla. 1990); *see also Coal. for Econ. Equity v. Wilson*, 122 F.3d 718, 719 (9th Cir. 1997) ("[I]t is clear that a state suffers irreparable injury whenever an enactment of its people or their representatives is enjoined."). The public has a legitimate interest in the government's enforcement of its laws. *See, e.g., Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1140 (9th Cir. 2009) ("[T]he district court should give due weight to the serious consideration of the public interest in this case that has already been undertaken by the responsible state officials in Washington, who unanimously passed the rules that are the subject of this appeal.").

While it is in the public interest to protect constitutional rights, if the plaintiff has not shown a likelihood of success on the merits of that claim—as Plaintiffs have not shown here—that presumptive public interest evaporates. *See Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005). And the public interest lies in the Executive's ability to enforce U.S. immigration laws. *El Rescate Legal Servs., Inc. v. Exec. Off. of Immigr. Rev.*, 959 F.2d 742, 750 (9th Cir. 1991) ("Control over immigration is a sovereign prerogative."). Given the speculative nature of Plaintiffs' requested relief, and given that he requests an unlawful injunction, the public interests and equities lie with Defendants.

## V. CONCLUSION.

In light of the above, Defendants respectfully request that the Court dismiss the Complaint for failure to state a claim under FRCP 12(b)(6) and deny the Motion.

RESPECTFULLY SUBMITTED this 14th day of January, 2026.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/Brooks Chupp*
BROOKS CHUPP
Assistant United States Attorney
*Attorneys for Defendants*